Ariel A. Neuman - State Bar No. 241594
  aneuman@birdmarella.com
William E. Johnston - State Bar No. 287707
  wjohnston@birdmarella.com
Michael C. Landman - State Bar No. 343327
  mlandman@birdmarella.com
Devon E. Porter - State Bar No. 308365
  dporter@birdmarella.com
BIRD, MARELLA, RHOW,
LINCENBERG, DROOKS & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant GRIGOR
TERMENDJIAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:23-CR-00453-JLS |
| Plaintiff, | Hon. Josephine L. Staton |
| vs. | **DEFENDANT GRIGOR TERMENDJIAN'S UNOPPOSED *EX PARTE* APPLICATION FOR ORDER PERMITTING DEFENDANT TO FILE DOCUMENTS *IN CAMERA*** |
| GRIGOR TERMENDJIAN, | |
| Defendant. | |

4063075.1

1      Defendant Grigor Termendjian hereby applies for an order permitting the *Ex*

2 *Parte* Application for Issuance of Early-Return Subpoenas *Duces Tecum*;

3 Memorandum of Points and Authorities; Declaration of Counsel; [Proposed] Order;

4 and the proposed subpoenas, to be filed with the Court *in camera*. The documents

5 proposed to be filed *in camera* will be manually lodged concurrently with this

6 application.

7      Good cause exists to file the Rule 17(c) Application and accompanying

8 documents *in camera* because Mr. Termendjian has the constitutional right to obtain

9 compulsory process without disclosing the substance of his defense.  Requiring Mr.

10 Termendjian to publicly file the Rule 17(c) Application or otherwise disclose to the

11 government the grounds on which the Application is made would require him to

12 disclose trial strategies and defense theories.  Accordingly, Mr. Termendjian should

13 be granted leave to file his Rule 17(c) Application *in camera*.

14      Undersigned counsel has conferred with the government, which does not

15 oppose.

16      If the *ex parte* is denied, Mr. Termendjian requests that all documents

17 proposed to be filed *in camera* shall be returned to defense counsel and not

18 disclosed to any other party.

19 DATED:  July 14, 2025      Ariel A. Neuman

20      William E. Johnston
      Michael C. Landman

21      Devon E. Porter

22      Bird, Marella, Rhow,
      Lincenberg, Drooks & Nessim, LLP

23

24

25 By: _____

26      William E. Johnston
      Attorneys for Defendant Grigor

27      Termendjian

28

4063075.1

DEFENDANT GRIGOR TERMENDJIAN'S UNOPPOSED *EX PARTE* APPLICATION FOR ORDER PERMITTING
DEFENDANT TO FILE DOCUMENTS *IN CAMERA*

## MEMORANDUM OF POINTS AND AUTHORITIES

The Federal Rules of Criminal Procedure allow defendants to a criminal trial to use the district court's subpoena power to request materials or testimony from witnesses. *See* U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to have compulsory process for obtaining witnesses in his favor. . . ."). Specifically, Rule 17(c) provides for the issuance of trial subpoenas, as well as the authority for district courts to require production of the subpoenaed documents in advance of the trial date. Fed. R. Cr. P. 17(c)(1); *see United States v. Nixon*, 418 U.S. 683, 699–700 (1974) (requiring moving party to establish "relevancy," "admissibility" and "specificity" of materials sought for pre-trial disclosure).

As the Ninth Circuit has observed, applications for subpoenas issued pursuant to Rule 17(c) "are often filed *ex parte* and under seal." *United States v. Sleugh*, 896 F.3d 1007, 1010 (9th Cir. 2018). "[A] criminal defendant has both a right to the pre–trial production of evidence and a right to protect his trial strategy." *United States v. Tomison*, 969 F. Supp. 587, 593, 595 (E.D. Cal. 1997) (holding that Rule 17(c) subpoenas "for the pre–trial production of documents on a third party" may be obtained *ex parte* where "the defendant . . . cannot make the required showing without revealing trial strategy"). Requiring a defendant to divulge his theory of defense in order to avail himself of constitutional protections would only serve to undermine that defendant's right to a fair trial. *Id.* Accordingly, district courts in this circuit generally grant permission for Rule 17(c) subpoenas to be requested on an *ex parte* and under seal basis as long as the requesting party "makes a showing of the need for confidentiality." *United States v. McClure*, No. CR. 08-100WBS, 2009 WL 937502, at *1 (E.D. Cal. Apr. 7, 2009); *see, e.g.*, *United States v. Corbett*, No. 2:19-CR-107-KJM, 2019 WL 5260748, at *1 (E.D. Cal. Oct. 17, 2019); *United States v. Ramos*, No. CR 13-403-CAS, 2014 WL 8817652, at *4 (C.D. Cal. Sept. 17, 2014), *aff'd*, 717 F. App'x 693 (9th Cir. 2017); *United States v. Martinov*, No. CR 11-

4063075.1

2

DEFENDANT GRIGOR TERMENDJIAN'S UNOPPOSED *EX PARTE* APPLICATION FOR ORDER PERMITTING DEFENDANT TO FILE DOCUMENTS *IN CAMERA*

00312 SBA-1, 2012 WL 3987329, at *1 (N.D. Cal. Sept. 11, 2012); *United States v. Wells*, No. 04-CR-69, 2005 WL 3822883, at *3 (E.D. Cal. Dec. 20, 2005); *United States v. Jenkins*, 895 F. Supp. 1389, 1396 (D. Haw. 1995); *see also* N.D. Cal. Local R. Crim. P. 17-2(a)(1) ("[A] Rule 17(c) subpoena may be obtained by filing either a noticed motion ... or, for good cause, an *ex parte* motion without advance notice to the opposing party.").[1]

Here, Mr. Termendjian should not be required to disclose to the government the grounds on which this Rule 17(c) Application is made, the identities of the subpoenaed entities or individuals, or the specific records requested, as doing so would reveal to the government, and thereby compromise, significant aspects of his defense. Because Mr. Termendjian seeks pre-trial disclosure of the materials identified in the proposed subpoenas, his Rule 17(c) Application must explain why the information is relevant, *see Nixon*, 418 U.S. at 699-700, which in turn requires the disclosure of significant aspects of counsel's investigation, work product, defense theories and trial strategies. *See Sleugh*, 896 F.3d at 1012 ("If the grounds articulated in support of the subpoena request were made part of the public record, such a showing could reveal counsel's trial strategies or defense theories to the opposing party, here, the government.").

To date, the Court has permitted *in camera* submissions by the government on multiple occasions. The Court proceeded without adversarial testing on the government's claims of witness danger when ruling on Mr. Termendjian's motions to modify the protective order. *See* Dkt 36. In this instance it is appropriate for the Court to determine whether Mr. Termendjian has satisfied Rule 17(c) in his

---

[1]    The Ninth Circuit has frequently countenanced the filing of under seal and *in camera* declarations in order to protect the defense's trial strategy. *See United States v. Gurolla*, 333 F.3d 944, 953 n.11 (9th Cir. 2003) (approving of *in camera* submission regarding testimony and entrapment defense in order to balance rights under the Fifth and Sixth Amendments); *United States v. Eshkol*, 108 F.3d 1025, 1028 (9th Cir. 1997) (suggesting *in camera* submission to prevent disclosure of defense theory), *cert. denied*, 522 U.S. 841 (1997).

3

application for subpoenas without the government's input. *See Tomison*, 969 F. Supp. at 594 ("[T]here is no reason to suppose that the government's participation is required to ensure that the court performs its duty in determining that the requisites for issuing the subpoena have been demonstrated."); *United States v. Beckford*, 964 F. Supp. 1010, 1028 (E.D. Va. 1997) ("The Government's concern that an ex parte procedure will cause subpoenas duces tecum to be issued without a showing of relevance, admissibility, and specificity is unfounded.").

Given that the U.S. Constitution protects Mr. Termendjian from having "to confront the choice between issuing a pre-trial subpoena *duces tecum* and disclosing his defense to the government," *Tomison*, 969 F. Supp. at 594, he respectfully submits that leave should be granted to file his Rule 17(c) Application under seal and *in camera*.

Undersigned counsel conferred with the government about the substance of this *ex parte* application, and the government indicated it did not oppose.

DATED:  July 14, 2025

Ariel A. Neuman
William E. Johnston
Michael C. Landman
Devon E. Porter
Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP

By: _____

William E. Johnston
Attorneys for Defendant Grigor
Termendjian

4063075.1

4

DEFENDANT GRIGOR TERMENDJIAN'S UNOPPOSED *EX PARTE* APPLICATION FOR ORDER PERMITTING DEFENDANT TO FILE DOCUMENTS *IN CAMERA*