TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division

RICHARD M. ROLWING (OH Bar No. 0062368)
Senior Litigation Counsel
Megan L. Jones (CA Bar No. 348651)
Trial Attorney
Criminal Division, Tax Section
      950 Pennsylvania Ave. NW
      Washington D.C. 20530
      Telephone:  (202) 598-5471
      E-mail:    Richard.m.rolwing@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>GRIGOR TERMENDJIAN,<br><br>Defendant. | No. 2:23-CR-00453-JLS<br><br>EX PARTE APPLICATION FOR POST-INDICTMENT RESTRAINING ORDER UNDER 21 U.S.C. § 853(e)(1)(A) |

Pursuant to 21 U.S.C. § 853(e)(1)(A) and 28 U.S.C. § 2461(c), the United States of America respectfully moves the Court *ex parte* for a post-indictment restraining order that would restrain and preserve for forfeiture the Defendant's half of the monthly rental payments that 9153 Stellar Court LLC is receiving from Couts Heating and Cooling Inc., based on an 50% ownership interest in real property located at 9153 Stellar Court, Corona, CA 92883 ("Subject Property").

The restraining order should order the Defendant and 9153 Stellar Court LLC, and those acting in concert with it, and anyone else that is aware of the Restraining Order from attempting or completing any action that would affect the availability or value of the Subject Property.  As explained further below, this order is justified because a federal grand jury returned an indictment that found probable cause connecting the Subject Property to the money laundering scheme alleged in the indictment.

**I.   Facts**

On July 22, 2026, the grand jury returned a superseding indictment charging the Defendant with multiple crimes including a money laundering conspiracy that involved over $40 million of fraud proceeds from one of the biggest biodiesel frauds ever perpetrated on the United States government.  ECF No. 85.

The superseding indictment notified the defendants of the United States' intent to seek forfeiture of the Subject Property under 18 U.S.C. § 982(a)(1) as "property involved in [money laundering] and any property traceable to such property" Ind. at 22.  On January 26, 2026, the entity that owns the Subject Property, 9153 Stellar Court LLC, which is 50% owned by the Defendant, entered into the attached lease (Exhibit A), leasing the premises to Couts Heating and Cooling, Inc. for a six-year period at over $38,000 per month.  Couts made a large deposit to initiate the lease, but upon information and belief, based on the recent interview of the other 50% owner of 9153 Stellar Court LLC, the lease will not become profitable until later this

2

summer (see projected expenses attached as Exhibit B).  The Government asks this Court to order the defendant and the 9153 Stellar Court LLC entity to have the Defendant's share of the profits after expenses generated from this lease deposited with the Treasury Forfeiture Fund pending the resolution of the criminal trial which is currently scheduled for October 13, 2026.

**II.  Applicable Law**

A person convicted of money laundering under 18 U.S.C. § 1956 must "forfeit any property, real or personal, involved in such offense, and any property traceable to such property. 18 U.S.C. § 982(a)(1).

To assure the availability of property subject to forfeiture, the Court is broadly authorized to take actions to preserve the availability of property for forfeiture.  Under 21 U.S.C. § 853(e)(1)(A), the court may "enter a restraining order or injunction . . . or take any other action to preserve the availability of property" upon the filing of an indictment charging a violation for which criminal forfeiture may be ordered and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture.[1]

---

[1] Section 853(e)(1)(A), provides:

(1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section—

*(footnote cont'd on next page)*

The United States Supreme Court has approved the pre-trial restraint of assets under Section 853(e).  In *United States v. Monsanto*, 491 U.S. 600 (1989), the district court entered an order under 21 U.S.C. § 853 that restrained a defendant from disposing of his house, his apartment, and $35,000 in cash prior to trial. The Supreme Court upheld the pre-trial restraint, noting:

> [I]t would be odd to conclude that the Government may not restrain property, such as the home and apartment in respondent's possession, based on a finding of probable cause, when we have held that . . . , the Government may restrain persons where there is a finding of probable cause to believe that the accused has committed a serious offense.

*Id.* at 615-16.

The standard for a restraining order's issuance is probable cause.  *Monsanto*, 491 U.S. at 615.  Specifically, the court must find that 1) the defendant committed an offense that allows for forfeiture, and 2) that the subject property has the requisite connection to that offense.  *Kaley v. United States*, 571 U.S. 320, 323-24 (2014).  The grand jury's return of an indictment establishes probable cause for the issuance of a post-indictment restraining order.  *See, e.g.*, *id.* at 328-31 (just as it is sufficient to support the issuance of a warrant for the defendant's arrest, the grand jury's finding of probable cause is sufficient to support the

---

(A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

restraint of his property); *United States v. Jones*, 160 F.3d 641, 645 (10th Cir. 1998) ("a grand jury is necessarily called upon [when returning an indictment] to find probable cause to believe the assets named in the indictment are traceable to the underlying offense"). On October 30, 2019, Defendant transferred by wire $2 million to Mariner's Escrow from the Century Energy account, for the purposes of the purchase of the building at 9153 Stellar Court, Corona, CA.  ECF 85, at ¶ 19(l) and (p)(K).  Nearly three years earlier, Defendant had funded the Century Energy bank account with millions of the fraud proceeds through a wire transfer from the Speedy Lion Renewable Fuels Investments LLC account, ECF 85, at ¶ 19(p)(G), after he deposited an $11 million cashier's check he had been holding outside the banking system for a few months. ECF 85, Overt Acts 60 & 62.

If the government makes the required showing under 21 U.S.C. § 853(e)(1)(A), the court must enter the restraining order.  *See Monsanto*, 491 U.S. at 612-13 (the word "may" in section 853(e) means only that the district court may enter a restraining order if the Government requests it, but not otherwise, and that it is not required to enter the order if a bond or other means exists to preserve the property; it "cannot sensibly be construed to give district court[s] discretion to permit the dissipation of the very property that section 853(a) requires to be forfeited upon conviction"); *United States v. Park*, 825 F. Supp. 2d 644, 647 (D. Md. 2011) ("Once the Government has made the required probable cause

showing, the entry of a pre-trial restraining order is mandatory with respect to . . . directly forfeitable property  . . .").

For restraining orders issued after an indictment has been returned, a pre-restraint hearing is not required.  *United States v. Musson*, 802 F.2d 384, 386-87 (10th Cir. 1986); *United States v. Wittig*, No. 03CR40142, 2007 WL 1875677, * 6 (D. Kan. 2007) (unpublished) (citing *Musson*, "due process does not require a hearing before restraining assets under § 853(e)"); *United States v. E-Gold, Ltd.*, 521 F.3d 411, 417 (D.C. Cir. 2008) (no pre-restraint hearing is required).[2]

This Court has jurisdiction to enter the requested Order "without regard to the location of any property which may be subject to forfeiture under this section . . . ."  21 U.S.C. § 853(l). A number of courts have held that property in possession of third parties may be subject to a restraining order.  *See, e.g.*, *United States v. Jenkins*, 974 F.2d 32, 36 (5th Cir. 1992) (restraining order encompassing assets of unindicted corporations is not overbroad because section 1963(d)(1) permits any action to preserve property

---

[2] Post-indictment restraining orders also may be modified, but remain in effect until the conclusion of the criminal trial. *See United States v. Kirschenbaum*, 156 F.3d 784, 791-93 (7th Cir. 1998) (post-indictment *ex parte* order remains in effect through trial unless the court grants defendant a hearing and agrees to modify the order); *United States v. Gelb*, 826 F.2d 1175, 1176 (2d Cir. 1987) (per curiam) (post-indictment restraining order under § 1963(d)(1)(A) is akin to a preliminary injunction in that it remains in effect through the duration of the criminal trial, unlike pre-indictment restraint under § 1963(d)(1)(B) or (d)(2)); *United States v. Adams*, 782 F. Supp. 2d 229, 234 (N.D. W. Va. 2011) (contrasting a pre-indictment protective order which expires after a period of time, with a post-indictment order issued under §§ 853(e)(1) and (4) which remains in effect until the conclusion of the trial).

for forfeiture); *In re Billman*, 915 F.2d 916, 921 (4th Cir. 1990) (under both section 853 and section 1963, pretrial restraining orders prevent defendants from transferring substitute assets to third parties to evade the forfeiture); *United States v. Regan*, 858 F.2d 115, 121-22 (2d Cir. 1988) (restraining orders may include third party property where no other means are available and the property is in danger of dissipation).  Courts in a related case in the District of Utah have entered Section 853(e) restraining orders involving property subject to forfeiture held by third parties.  *See United States v. Kingston, et al.*, No. 2:18-cr-00365-JNP, ECF No. 7, 275, 287, 393, 985, 994, 1005, 1066, 1087, 1098  (restraining third parties involving rents paid, loans made, and proceeds obtained by defendants via the underlying mail fraud scheme); see also *United States v. Baldwin*, No. 4:9-cr-00073-DN-PK, ECF No. 19 (ordering third parties to transfer assets traceable to property subject to forfeiture to the U.S. Marshals Service pending resolution of the criminal case and to provide documents to the government related to the assets).

If any third parties have claims on the funds subject to the requested Order, 21 U.S.C. § 853(n) sets out the procedure for the adjudication of such claims.  This process only begins, however, after the entry of a forfeiture order.  21 U.S.C. § 853(n)(1); *see also Libretti v. United States*, 516 U.S. 29, 44 (1995); *United States v. McHan*, 345 F.3d 262, 269-270 (4th Cir. 2003) ("§ 853(n) provides all of the process due"); *United States v. Gilbert*, 244 F.3d 888, 911

(11th Cir. 2001) (ancillary proceeding is "exclusive means" for third parties to assert claims to forfeited property; citing legislative history); *United States v. Messino*, 122 F.3d 427, 428 (7th Cir. 1997) (under Sections 853(k) and (n), third parties must wait until the court has entered a preliminary order of forfeiture to challenge the forfeiture action); *United States v. Kitchen*, No. 2:07CR895-TS, 2009 WL 728498, *2 (D. Utah Mar. 19, 2009) (unpublished) (denying wife's motion to intervene to oppose forfeiture of defendant's substitute assets; wife must file claim in the ancillary proceeding; "considerations of judicial economy cannot overrule the procedure put in place by rule and statute to determine the rights of third parties in forfeiture proceedings").

**III. Conclusion**

The grand jury has returned an indictment in this matter charging a crime—money laundering—for which forfeiture is authorized. In returning the indictment the grand jury also found probable cause connecting the Subject Property to that crime since it was purchased using funds from an account in which the proceeds were commingled. The property traceable to such property, the lease payments generated from the Subject Property, are also subject to forfeiture by statute. Defendant's half of the profits (after expenses) from such lease payments are thus forfeitable.  Therefore, the United States requests the court to enter the enclosed restraining order.

Dated: June 29, 2026

Respectfully submitted,

BILAL A. ESSAYLI
First United States Attorney


/s/*Megan L. Jones*

RICHARD M. ROLWING
Senior Litigation Counsel
Megan L. Jones
Trial Attorney

Attorneys for the United States

9

Certificate of Service

I certify that on the 29th of June, 2026, I caused a copy of the foregoing to be filed through the CM/ECF electronic filing system, thereby providing notice to all parties of record in this case.

/s/ Megan L. Jones
Megan L. Jones
Trial Attorney