TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division

RICHARD M. ROLWING (OH Bar No. 0062368)
Senior Litigation Counsel
Megan L. Jones (CA Bar No. 348651)
Trial Attorney
Criminal Division, Tax Section
    950 Pennsylvania Ave. NW
    Washington D.C. 20530
    Telephone:  (202) 598-5471
    E-mail:    Richard.m.rolwing@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:23-CR-00453-JLS |
|---|---|
| Plaintiff | MEMORANDUM OF POINTS AND AUTHORITIES PURSUANT TO LOCAL RULE 7-19 |
| v. | |
| GRIGOR TERMENDJIAN, | |
| Defendant. | |

Pursuant to Local Rule 7-19, the United States of America hereby submits the government's memorandum of points and authorities in support of the government's *Ex Parte* Application for Post-Indictment Restraining Order Under 21 U.S.C. § 853(e)(1)(A).

**I.   Points and Authorities Supporting *Ex Parte* Relief**

The United States may file an application for a pre-indictment restraining order *ex parte*. *See United States v. Holy Land Foundation for Relief and Development*, 493 F.3d 469, 475 (5th Cir. 2007) (en

banc) ("a court may issue a restraining order without prior notice or a hearing"); *United States v. Monsanto*, 924 F.2d 1186, 1193 (2d Cir. 1991); ("notice and a hearing need not occur before an *ex parte* restraining order is entered pursuant to section 853(e)(1)(A)"); *United States v. Bissell*, 866 F.2d 1343, 1352 (11th Cir. 1989) (same).

## II.  Waiver of Notice is Warranted

The court should waive the requirement of notice to opposing counsel. Pursuant to Local Rule 7-19.2, a judge may waive the notice requirement set forth in L.R. 7-19.1 "[i]f the judge to whom the application is made finds that the interest of justice requires that the *ex parte* application be heard without notice." Here, justice so requires. The property in question is under the defendant's control. If the defendant is given notice of this application, he may take steps to place the property outside of the jurisdiction of the court. In order to resolve the issue before the court, the status quo must be preserved. Waiving the notice requirement would prevent the defendant from impeding forfeiture.

## III. Counsel for Opposing Party

The name, address, telephone number, and e-mail address of counsel for the opposing party are as follows:

Name: Ariel A. Neuman, William E. Johnston, and Devon Erickson Porter, Bird, Marella, Rhow, Lincenberg, Drooks and Nessim, LLP

Address: 1875 Century Park East, 23rd Floor, Los Angeles, CA 90067

Telephone number: 310-201-2100

Email addresses: aneuman@birdmarella.com, wjohnston@birdmarella.com, dporter@birdmarella.com.

**IV.  Conclusion**

The United States respectfully requests the court to grant its *ex parte* application.

Dated: June 29, 2026

Respectfully submitted,

BILAL A. ESSAYLI
First United States Attorney


/s/*Megan L. Jones*
RICHARD M. ROLWING
Senior Litigation Counsel
Megan L. Jones
Trial Attorney

Attorneys for the United States

3