UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>GRIGOR TERMENDJIAN,<br><br>    Defendant. | No. 2:23-CR-00453-JLS<br><br>POST-INDICTMENT RESTRAINING ORDER PURSUANT TO 21 U.S.C. § 853(E)(1)(A) |

The United States has made an application to this Court, pursuant to 21 U.S.C. § 853(e)(1)(A) and 28 U.S.C. § 2461(c), for a restraining order to preserve the availability of certain property that the United States seeks to forfeit in this case, specifically, 50% of the profits from the lease payments for the building at 9153 Stellar Court, Corona, CA, (hereinafter "Subject Property") as property traceable to the Subject Property. Upon consideration of the United States' application it appears to the Court that there is reasonable cause to enter a restraining order to preserve the property described for forfeiture based upon the following:

1.   That a federal grand jury for this district returned an Indictment charging the above defendant with federal crimes including money laundering in violation of 18 U.S.C. § 1956.  The Indictment notified the defendant that the United States intends to forfeit the Subject Property and that such forfeiture is authorized upon his conviction by 18 U.S.C. § 982(a)(1).  Superseding Indictment at 22, ECF No. 85.

2.     That the Subject Property for which the order is sought would, in the event of Grigor Termendjian's convictions, be subject to forfeiture under 18 U.S.C. § 982(a)(1).

3.     That the lease payments generated from the leasing of the Subject Property are property traceable to property subject to forfeiture.

4.     That 50% of the profits generated from the lease are thus subject to forfeiture since the Defendant is 50% owner of the entity which owns the Subject Property.

5.     That any third-party claims to the Subject Property may be properly brought and resolved in ancillary proceedings conducted by this Court following the execution of a Preliminary Order of Forfeiture in accordance with the provisions of federal forfeiture law.

6.     That the Court has jurisdiction to enter this order pursuant to 21 U.S.C. § 853(e)(l).

THEREFORE, IT IS HEREBY ORDERED AND DECREED:

That, effective immediately, 9153 Stellar Court LLC and their agents, servants, employees, attorneys, family members and those persons in active concert or participation with them, and all persons and entities with knowledge of this Order, and those persons, financial institutions, or entities who have any interest or control over the Subject Property, are hereby:

RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval of this Court and upon notice to the United States and an opportunity

2

for the United States to be heard, from attempting or completing any action that would affect the availability or value of the Subject Property, including but not limited to, directly or indirectly, selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, hypothecating or in any way diminishing the value of, or cause anyone else to do so, the Subject Property, and the lease payments generated from the leasing of the same.

IT IS FURTHER ORDERED that 9153 Stellar Court LLC shall transfer any payments related to the Subject Property to the Treasury Forfeiture Fund that would otherwise be paid to or claimed by Defendant Grigor Termendjian as 50% owner of the entity which owns the Subject Property.  That is, 9153 Stellar Court LLC shall transfer half of any profits from the lease (after expenses) that would otherwise be paid to the Defendant. Within one week of this order's date, a representative of 9153 Stellar Court LLC shall contact the IRS at (702)767-1308 to receive payment routing instructions.  The 9153 Stellar Court LLC representative will notify the Internal Revenue Service and United States Government of the date and amount of each payment and the lease payment and expense details associated with each payment within three days of such payments at the following email addresses: Stephen.Washburn@ci.irs.gov; and Richard.m.rolwing@usdoj.gov.

3

IT IS FURTHER ORDERED that the IRS shall hold any lease payments it receives from 9153 Stellar Court LLC entity in a seized asset account until further order of the court.

IT IS FURTHER ORDERED that the United States or any Subject of this Order may seek modifications of this Order if it is deemed necessary by them to preserve their interest in the Subject Property.

IT IS FURTHER ORDERED that any Subject of this Order shall be permitted to execute a satisfactory performance bond pursuant to 21 U.S.C. § 853(e)(1) as an alternative to the restraint of the subject property.  After notice to the United States and an opportunity to be heard, the Court shall determine whether any proposed bond is a satisfactory performance bond.

IT IS FURTHER ORDERED that as soon as practicable the IRS or other appropriate federal agency shall serve a copy of this Order upon 9153 Stellar Court LLC, and shall a make a return thereon reflecting the date and time of service.

THIS RESTRAINING ORDER shall remain in full force and effect until further order of this Court.

Dated this _____day of June, 2026.

IT IS SO ORDERED.

_____          _____
 Date                             HONORABLE JOSEPHINE L. STATON
                                  UNITED STATES DISTRICT JUDGE

4