Ariel A. Neuman - State Bar No. 241594
aneuman@birdmarella.com
William E. Johnston - State Bar No. 287707
wjohnston@birdmarella.com
Michael C. Landman - State Bar No. 343327
mlandman@birdmarella.com
Alexander H. Tran - State Bar No. 338940
atran@birdmarella.com
BIRD, MARELLA, RHOW,
LINCENBERG, DROOKS & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Grigor Termendjian

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GRIGOR TERMENDJIAN,<br><br>Defendant. | CASE NO. 2:23-CR-00453-JLS<br><br>**STIPULATION TO CONTINUE TRIAL DATE AND PRETRIAL DATES**<br><br>**Current Trial Date: October 13, 2026**<br>**Proposed Trial Date: February 16, 2027**<br><br>Filed Concurrently with [PROPOSED] ORDER<br><br>Hearing not requested.<br><br>Assigned to Hon. Josephine L. Staton |

**STIPULATION**

Defendant Grigor Termendjian and Plaintiff United States of America, by and through their respective counsel of record, hereby stipulate as follows:

1. Mr. Termendjian is charged with a violation of 18 U.S.C. § 371: Conspiracy to Defraud the United States; 18 U.S.C. § 1956(h): Conspiracy to Commit Money Laundering Offenses; and 18 U.S.C. § 1956(a)(1)(B)(i): Money Laundering. The trial in this matter is currently set for October 13, 2026. Based on the facts set forth herein, the parties agree and stipulate that a continuance of the trial is needed and appropriate.

2. The parties have worked diligently to prepare this matter for trial. Since the Court last addressed the trial date, the government has successfully obtained additional bank records from Turkey, but due to circumstances beyond its control, those documents (and their translations) were only produced to Mr. Termendjian in the last few days. Mr. Termendjian needs time to analyze these documents, including possibly having them reviewed by experts.

3. The government also understands that additional Turkish bank records are forthcoming and is attempting to obtain those records from Turkey as expeditiously as possible. However, it has no firm information as to when those records will be received. These records are being produced by financial institutions in Turkey in response to an MLAT request made many months ago by the government and concern some of the financial transactions at issue in this case. All records received in response to the MLAT must be translated into English, a process which takes the government several weeks. Accordingly, while the parties hope that all documents responsive to the MLAT will be produced soon, they have no firm information as to when such production will occur and then further delay will be necessary to translate the material received.

4. On July 7, 2026, the government produced voluminous discovery, including previously undisclosed witness statements from potential trial witnesses,

materials that appear to the defense to be both *Brady* and *Giglio* information, bank records from Turkey, flight records, and numerous other documents. Defense counsel needs additional time to investigate the new information contained in these documents. Moreover, as noted, key bank records from Turkey remain outstanding, and the defense cannot adequately prepare for trial without receiving and then closely reviewing and analyzing those records.

5. Defense counsel represents that they have been diligently investigating this case and preparing for an October 2026 trial, but additional investigation is needed, and neither the government nor the defense are yet in possession of all of the anticipated Turkish bank records that will be produced and may be necessary for the trial of this matter.

6. This case was originally indicted in the District of Utah before being transferred to this Court. Both the Court in Utah and this Court have found all time between the date of indictment and the current trial date excludable pursuant to the Speedy Trial Act.

7. By this stipulation, the parties now respectfully request that the Court (1) continue the trial date in this matter to February 16, 2027; (2) amend the pre-trial schedule ordered by the Court (Dkt. 186) in light of the new trial date; and (3) exclude time under the Speedy Trial Act from October 13, 2026, to February 16, 2027.

8. The parties make the request based upon the facts set forth above, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act.

9. Defense counsel represents that failure to grant the continuance would deny Mr. Termendjian reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

10. Due to the nature of the charges in the Indictment, the voluminous discovery produced to Mr. Termendjian, the additional discovery that has recently

been produced and that is forthcoming, and the additional documents being produced to the government by foreign jurisdictions (some of which have not yet been received), this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

11. Mr. Termendjian has been advised by counsel of this request. Counsel carefully discussed every part of this stipulation and the continuance of the trial date. Mr. Termendjian has been fully informed of his Speedy Trial rights, and he knowingly and voluntarily agrees to the continuance of the trial date. He also waives his right to be brought to trial earlier than February 16, 2027.

12. Mr. Termendjian believes that failure to grant the continuance would deny him continuity of counsel and adequate representation.

13. The government does not object to the continuance of the trial date or amendment of the pretrial schedule.

14. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorneys for the government or the defense, or failure on the part of the government to obtain available witnesses.

15. For purposes of computing the date under the Speedy Trial Act by which October 13, 2026, to February 16, 2027, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at Mr. Termendjian's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the

Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

16. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

17. Counsel also request that the Court amend the pretrial schedule set in Dkt. 186 in conformity with the new trial date requested. The parties stipulate to the following amended deadlines:

| **EVENT/FILING** | **DAYS BEFORE TRIAL** | **DEADLINE** |
|---|---|---|
| *BRADY/GIGLIO* DEADLINE[1] | 1 week before filing deadline for pretrial motions (adjusted for Veteran's day) | Tuesday, November 10, 2026 |
| **FILING: PRETRIAL MOTIONS (OTHER THAN MILs AND *DAUBERT* MOTIONS)** | | |
| FILING DEADLINE | 4 weeks before hearing date (adjusted for Thanksgiving) | Wednesday, November 18, 2026 |
| OPP DEADLINE | 3 weeks before hearing date (adjusted for Thanksgiving) | Wednesday, November 25 2026 |

[1] This is the deadline by which the Government must produce all *Brady* and/or *Giglio* material other than that which it is permitted to disclose later in time by Court order or applicable law. The Court's adjustment of this deadline to one week before the filing deadline for pretrial motions is to allow defense counsel to address any issues that arise from this production on the same schedule as any other pretrial motions.

| | | |
|---|---|---|
| REPLY DEADLINE | 2 weeks before hearing date (adjusted for Thanksgiving) | Thursday, December 3, 2026 |
| GOV EXPERT DISCLOSURES (IF ANY) | 29 days before Defendant's disclosure | Monday, November 30, 2026 |
| 404(B) EVIDENCE DISCLOSURE DEADLINE | 57 days before trial | Monday, December 21, 2026 |
| **HEARING**: PRETRIAL MOTIONS (OTHER THAN MILs AND *DAUBERT* MOTIONS) | 8 weeks + 5 days before trial | Thursday, December 17, 2026 at 10:30 a.m. |
| DEF EXPERT DISCLOSURES | 5 weeks before hearing on MILs and Daubert Motions | Tuesday, December 29, 2026 |
| **FILING: MILs AND *DAUBERT* MOTIONS** | | |
| FILING DEADLINE | 4 weeks before hearing date | Tuesday, January 5, 2027 |
| OPP DEADLINE | 3 weeks before hearing date | Tuesday, January 12, 2027 |
| REPLY DEADLINE | 2 weeks before hearing date | Tuesday, January 19, 2027 |
| GOV EXHIBIT LIST | 39 days before trial | Friday, January 8, 2027 |
| GOV WITNESS LIST[2] | 5 weeks before trial | Tuesday, January 12, 2027 |
| GOV CHARTS AND SUMMARIES[3] | 5 weeks before trial | Tuesday, January 12, 2027 |
| AEO DISCLOSURE AND JENCKS DEADLINE | 4 weeks before trial | Tuesday, January 19, 2027 |
| GOV MARKED EXHIBITS AND REVISED EXHIBIT LIST | 4 weeks before trial | Tuesday, January 19, 2027 |
| PRETRIAL EXHIBIT STIPULATION | 3 weeks + 1 day before trial | Monday, January 25, 2027 |

[2] The witness list need not set forth the names of the AEO witnesses, but the total number of witness the Government expects to call must be disclosed.

[3] The government may, in good faith, provide finalized summaries/charts closer in time to trial based on the presentation of evidence at trial. The parties may not to seek to admit the draft charts and summaries into evidence.

| | | |
|---|---|---|
| SUMMARY OF INDICTMENT | 2 weeks before trial | Tuesday, February 2, 2027 |
| **HEARING**: MILs AND *DAUBERT* MOTIONS / FINAL PRETRIAL CONFERENCE | 2 weeks before trial | Tuesday, February 2, 2027 at 10:30 a.m. |
| JOINT JURY VERDICT FORM | 1 week before trial | Tuesday, February 9, 2027 |
| JOINT JURY INSTRUCTIONS | 1 week before trial | Tuesday, February 9, 2027 |
| PROPOSED VOIR DIRE | 1 week before trial | Tuesday, February 9, 2027 |
| GOV EXHIBIT BINDERS[4] | 4 days before trial | Friday, February 12, 2027 |
| **TRIAL DATE** | | **Tuesday, February 16, 2027** |

IT IS SO STIPULATED.

Respectfully submitted,

DATED: July 13, 2026

Ariel A. Neuman
William E. Johnston
Michael C. Landman
Alexander H. Tran
Bird, Marella, Rhow, Lincenberg, Drooks & Nessim, LLP

By: */s/ Ariel A. Neuman*
Ariel A. Neuman
Attorneys for Defendant Grigor Termendjian

[4] Four copies of witness binders (one for the bench, one for the witness stand, one for the prosecution, and one for the defense) are required for each witness called to testify. These must be ready for distribution no later than just before each witness is called to the stand.

DATED: July 13, 2026

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney

By: */s/ Richard M. Rowling*
Richard M. Rolwing
Senior Litigation Counsel
Megan Jones
Trial Attorney
Attorneys for Applicant
United States of America

I have read and considered this stipulation to move the trial date in this matter to February 16, ~~2017~~ 2027. I have carefully discussed this stipulation with my attorney and have no questions that remain unanswered. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than February 16, 2027. I understand that I will be ordered to appear in Courtroom 8A of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on February 16, 2027.

[signature] 7-13-26

Grigor Termendjian
Defendant

Date

## ATTORNEY ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed above, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: July 13, 2026

Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP

By: */s/ Ariel A. Neuman*
Ariel A. Neuman
Attorneys for Defendant Grigor Termendjian