**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GRIGOR TERMENDJIAN,<br>Defendant. | **Case No. 2:23-CR-00453-JLS**<br><br>**ORDER GRANTING EX PARTE APPLICATION (Doc. 194)**<br><br>**POST-INDICTMENT RESTRAINING ORDER PURSUANT TO 21 U.S.C. § 853(e)(1)(A)** |

The Government filed an Ex Parte Application ("Application") pursuant to 21 U.S.C. § 853(e)(1)(A) and 28 U.S.C. § 2461(c)) seeking a restraining order to preserve the availability of the property at 9153 Stellar Court, Corona, CA, and of rental income derived therefrom. (*See* Doc. 194 (seeking an injunction to "preserve the availability of property described in § 853(a)" by requiring Defendant to deposit his share of net income derived from the rental of the Stellar Court property).) Defendant filed an Opposition brief, and the Government filed a Reply. (*See* Docs. 196 & 198.) After consideration of the parties' briefs, and as set forth herein, the Court GRANTS the Government's Application and issues the following restraining order.

The Superseding Indictment alleges that the Stellar Court property is listed as an asset subject to forfeiture as "property, real or personal, involved in [the charged] offense"

or that was "traceable to such property." (Doc. 85 at 22.) This represents the grand jury's probable-cause finding that the Stellar Court property is § 853(a) "property subject to criminal forfeiture." This probable-cause finding, in turn, makes the Stellar Court property subject to pretrial restraint under § 853(e). *See Kaley v. United States*, 571 U.S. 320, 327-30 (2014) (holding that a grand jury's finding of probable cause is sufficient to support pretrial restraint of property subject to forfeiture and no judicial review of that finding is permitted).

And although the grand jury's probable cause finding is not subject to judicial review, its finding is supported in this case by the decision of the Utah District Court, which found on a more detailed factual record in the related case that the Stellar Court property was purchased with laundered funds, thereby making it subject to forfeiture. *See United States v. Kingston, et al.*, No. 2:18-CR-00365-JNP (D. Utah, Nov. 15, 2022) (ECF 1376 at 33-34 ("The court further finds that the entire $2 million used to purchase the [Stellar Court] property represents funds involved in money laundering transactions, including $1,052,884.56 of funds that were moved through international bank accounts as part of the money laundering conspiracy charged in Count 2.").

Therefore, this Court finds that the Stellar Court property is subject to restraint because there is probable cause to believe it was purchased with proceeds from the money laundering offenses charged pursuant to 18 U.S.C. § 1956. *See* 18 U.S.C. § 982(a)(1) (authorizing post-conviction criminal forfeiture of the "property involved in [a money-laundering] offense" in violation of § 1956). Moreover, because income obtained as a result of leasing property that is subject to forfeiture is "derived from" such property, that income is also subject to restraint under § 853(e). *See* 21 U.S.C. § 853(a)(1) (authorizing forfeiture of "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of" the qualifying offense of conviction); *see also* 18 U.S.C. § 982(a)(1) (authorizing forfeiture of property "traceable to" "any property . . . involved in [a money-laundering] offense").

Accordingly, the Court FINDS reasonable cause to enter a restraining order to preserve the property described in the Government's Application based upon the following:

1. A federal grand jury for this district returned a Superseding Indictment charging the above defendant with federal crimes including money laundering in violation of 18 U.S.C. § 1956. The Superseding Indictment notified Defendant that the United States intends to forfeit the Stellar Court property and that such forfeiture is authorized by 18 U.S.C. § 982(a)(1) if he is convicted. (*See* Doc. 85 at 22.)

2. The Stellar Court property is subject to forfeiture under 18 U.S.C. § 982(a)(1) if Defendant is convicted.

3. Profits generated from leasing the Stellar Court property are property "traceable to" the Stellar Court property.

4. Therefore, 50% of the profits generated from the lease are also subject to forfeiture based upon Defendant's 50% ownership of the entity which owns the Stellar Court property.

5. Any third-party claims to the Stellar Court property may be properly brought and resolved in ancillary proceedings conducted by this Court following the execution of a Preliminary Order of Forfeiture in accordance with the provisions of federal forfeiture law.

6. The Court has jurisdiction to enter this order pursuant to 21 U.S.C. § 853(e)(l).

THEREFORE, IT IS HEREBY ORDERED AND DECREED:

Effective immediately, 9153 Stellar Court LLC and their agents, servants, employees, attorneys, family members and those persons in active concert or participation with them, and all persons and entities with knowledge of this Order, and those persons, financial institutions, or entities who have any interest in or control over the Subject Property, are hereby RESTRAINED, ENJOINED, AND PROHIBITED, from attempting or completing any action that would affect the availability or value of the Stellar Court property. This includes but is not limited to selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, hypothecating (or in

any other way diminishing) the value of the Stellar Court property and/or the lease payments generated from the leasing of the Stellar Court property. This prohibition includes taking such actions directly or indirectly, or by causing another to take such actions. ***This restraining order remains in force until revoked by the Court after notice to the United States and an opportunity for the United States to be heard.***

IT IS FURTHER ORDERED that 9153 Stellar Court LLC shall transfer to the Treasury Forfeiture Fund any profits from the lease of the Stellar Court property that would otherwise be paid to or claimed by Defendant Grigor Termendjian as the 50% owner of the entity which owns the Stellar Court property. Within seven days of the entry of this Restraining Order, a representative of 9153 Stellar Court LLC shall contact the IRS at (702) 767-1308 to receive payment routing instructions or to otherwise make arrangements for transferring funds as they become available to be transferred. The 9153 Stellar Court LLC representative shall notify the Internal Revenue Service and all counsel in this case of the date and amount of each payment and the lease payment and expense details associated with each payment within three days of such payments at the following email addresses: Stephen.Washburn@ci.irs.gov and Richard.M.Rolwing@usdoj.gov.

IT IS FURTHER ORDERED that the IRS shall hold any funds it receives from 9153 Stellar Court LLC entity in a seized asset account until further Order of the Court.

IT IS FURTHER ORDERED that the United States or any Subject of this Order may seek modifications of this Order if it is deemed necessary by them to preserve their interest in the Subject Property.

IT IS FURTHER ORDERED that any Subject of this Order shall be permitted to execute a satisfactory performance bond pursuant to 21 U.S.C. § 853(e)(1) as an alternative to the restraint of the subject property. After notice to the United States and an opportunity to be heard, the Court shall determine whether any proposed bond is a satisfactory performance bond.

IT IS FURTHER ORDERED that as soon as practicable the IRS or other appropriate federal agency shall serve a copy of this Order upon 9153 Stellar Court LLC, and shall a make a return thereon reflecting the date and time of service.

THIS RESTRAINING ORDER shall remain in full force and effect until further order of this Court.

**IT IS SO ORDERED.**

DATED: July 16, 2026

HON. JOSEPHINE L. STATON
United States District Judge