TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division

RICHARD M. ROLWING (OH Bar No. 0062368)
Senior Litigation Counsel
MEGAN L. JONES (CA Bar No. 348651)
Trial Attorney
National Fraud Enforcement Division, Tax Section
950 Pennsylvania Ave. NW
Washington D.C. 20530
Telephone: (202) 598-5471
E-mail: Richard.m.rolwing@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>GRIGOR TERMENDJIAN,<br><br>Defendant. | No. 2:23-CR-00453-JLS<br><br>GOVERNMENT'S MOTION IN LIMINE 1 SEEKING TO EXCLUDE ALL WITNESSES FROM THE COURTROOM EXCEPT CASE AGENTS, EXPERT AND SUMMARY WITNESSES; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Hearing Date: December 17, 2026<br>Hearing Time: 1:30 p.m.<br>Location: Courtroom of the Hon. Josephine L. Staton |

Plaintiff United States of America, by and through its undersigned counsel, hereby files its Motion in Limine #1 to exclude all witnesses from the courtroom except the case agents and the expert witnesses.

Defense does not object to this request to exclude; however, they expressed reservations and questions about a summary witness generally.

This Motion in Limine is based upon the attached memorandum of points and authorities and the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 29, 2026

Respectfully submitted,

COLIN M. MCDONALD
Assistant Attorney General
National Fraud Enforcement Division

*<u>/s/ Megan L. Jones</u>*
RICHARD M. ROLWING
Senior Litigation Counsel
MEGAN L. JONES
Trial Attorney

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The United States requests that the Court "order witnesses excluded so that they cannot hear other witnesses' testimony," except for those witnesses "essential to presenting the party's claim or defense" under Federal Rule of Evidence Rule 615. Here, the case agents (Special Agents Stephen Washburn (IRS-CI) and Candice Urban (EPA)) in the present matter have been critical to the case and are considered by the government to be an integral part of the trial team. As such, the case agents' presence at trial is necessary to the United States.

It is also possible that one or both of the Special Agents who are case agents will also be called as fact witnesses in the trial. In addition, the government intends to call one of these case agents as a Summary Witness to introduce exhibits, such as timelines with relevant events, that will serve to summarize certain evidence from the trial that will be helpful to the jury. To that end, the government requests that both of these witnesses be permitted to remain in the courtroom throughout the duration of the trial.

Finally, Special Agent James Carfora and Revenue Agent Jeffrey Marino are expected to testify as expert witnesses, as noticed. As their testimony will be based, in part, on any relevant evidence admitted at trial and any necessary summaries, their presence in the courtroom is necessary.

## II. FACTUAL BACKGROUND

This is a case about Defendant's intentional money laundering and tax crimes involving over $40 million in fraud proceeds that he

received and agreed to conceal and disguise for his brother, himself, and their associates.

Between 2013 and 2015, Defendant Grigor Termendjian received two wires of $9 million, and one wire of $20 million, and he purchased a $3.5 million luxury seaside house in Huntington Beach, California using money from his brother and their associates. He received these millions from people with whom his brother was doing "business." In truth, he knew the funds were from some form of criminal activity involving his brother and those associates. Nonetheless, Defendant agreed to hold this dirty money, to conceal it in a variety of ways, and to disguise much of it when he returned some of it to his brother. Defendant kept nearly $9 million of the dirty money, these fraud proceeds, for himself.

In 2015 and 2016, Defendant became aware that his brother and his associates were being investigated and were even the subject of search warrants in 2016 and 2017 for crimes associated with this money. In 2018 and 2019, he learned his brother and his associates were arrested and federally charged for stealing and laundering this money. In 2020, he watched his brother get tried and convicted by a jury for stealing and laundering this money. Yet, just days after the conviction in 2020, Defendant engaged in financial transactions with the remaining $5 million of these proceeds that he was then holding. He did not return the money to the United States from whom it was stolen. Instead, he returned the money to his four other business bank accounts, and he proceeded to use it up in those businesses.

In addition, from 2013 through 2018, Defendant filed numerous tax returns that made false representations about these criminal

proceeds. Defendant took steps so that his bank would not file reports about this money to the IRS. He also provided false information to his accountant so that the IRS would be less likely to uncover the whereabouts of the money through accurate tax returns. He then proceeded to spend the millions he kept in a business operation here in California.

This case involves numerous complex financial transactions that will require the aid of summary and expert testimony to convey to the jury.

**III. ARGUMENT**

**A. Presence as Case Agents**

IRS-CI Special Agent Stephen Washburn and EPA Special Agent Candice Urban should be allowed to remain in the courtroom as case agents. Federal Rule of Evidence 615 addresses the exclusion of witnesses and states that "[a]t a party's request, the court must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony." However, the rule does not authorize excluding "one officer or employee of a party that is not a natural person if that officer or employee has been designated as the party's representative by its attorney" or "any person whose presence a party shows to be essential to presenting the party's claim or defense." Fed. R. Evid. 615(a)(2) & (3). The Advisory Committee notes to Rule 615 explain that many district courts permit the government to have the "investigative case agent at counsel table throughout trial although the agent is or may be a witness." Fed. R. Evid. 615, Notes of Advisory Committee. The notes specifically discuss the importance of the case agent's presence, particularly in a factually complex trial, and indicate that the committee construes the rule as making

clear that investigative agents fall within the group specified in the second exception made in the rule. *Id.* The Committee's reasoning applies to the case agents in the instant case.

Furthermore, the Ninth Circuit has held on at least three occasions that the case agent is permitted to remain in the courtroom during trial pursuant to Rule 615(a)(2). See *United States v. Valencia-Riascos*, 696 F.3d 938, 941-42 (9th Cir. 2012); *United States v. Thomas*, 835 F.2d 219, 222-23 (9th Cir. 1987) (finding "no abuse of discretion" where the district court "permit[ed] the government's investigating officer, … who testified as a witness, to sit at counsel table throughout the trial"); *United States v. Little*, 753 F.2d 1420, 1441 (9th Cir. 1985) ("[W]e find that the district court did not abuse its discretion in allowing the case agent to remain at the prosecutor's table.") (citing cases from the Second and Fifth Circuits). Permitting the case agents to remain throughout the trial would be consistent with the law of the Ninth Circuit.

**B. Presence as Summary Witnesses**

Special Agent Stephen Washburn should also be permitted to remain in the courtroom as summary witnesses. Federal Rule of Evidence 615(a)(3) permits the government's testifying summary witness to be present in the courtroom during trial. In *United States v. Yoshihiro Fujinaga*, the Ninth Circuit held the "district court did not abuse its discretion by allowing the government's summary witness to observe trial after finding the witness was essential to the prosecution's case." *United States v. Fujinaga*, No. 19-10222, 2022 WL 671018, at *2 (9th Cir. Mar. 7, 2022). In its expert notice, the government noted that Special Agent Washburn would provide summary witness testimony regarding the timelines of investigative events,

the individual income tax returns of Defendant Termendjian and his brother Termendzhyan, and key transactions described in the superseding indictment. The presence of the summary witness in the courtroom is essential to the government's case. As such, Special Agent Washburn should be allowed to remain.

**C. Presence as Expert Witnesses**

The court should also permit Revenue Agent Jeffrey A. Marino and Special Agent James Carfora to remain in the courtroom in their capacity as expert witnesses (which will include some summary testimony). "In many circumstances, a potential expert witness will be an 'essential party' within the meaning of Rule 615(3)." *United States v. Seschillie*, 310 F.3d 1208, 1213 (9th Cir. 2002) (citing *Polythane Sys., Inc. v. Marina Ventures Int'l, Ltd.*, 993 F.2d 1201, 1209 (5th Cir. 1993) ("Expert witnesses clearly fall within Rule 615(3)'s exception.")). Indeed, the Advisory Committee notes to Rule 615(3) state that the exception includes "an expert needed to advise counsel in the management of litigation." Fed. R. Evid. 615, Notes of Advisory Committee. Additionally, "an expert who is not expected to testify to facts, but only assumes facts for purposes of rendering opinions, might just as well hear all of the trial testimony so as to be able to base his opinion on more accurate factual assumptions." *Opus 3 Ltd. v. Heritage Park, Inc.*, 91 F.3d 625, 629 (4th Cir. 1996).

The same logic supports allowing Revenue Agent Marino and Special Agent Carfora to remain in the courtroom. They must be allowed to observe the testimony as it is admitted in order to properly opine on the facts of the case. If they are not permitted to remain in the courtroom, they will not be able to knowledgeably or

accurately testify about the application of their expertise to the evidence. Thus, their presence in the courtroom is essential.

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court grant the government's motion.

Certificate of Compliance

The undersigned, counsel of record for the government, certifies that this brief contains 1773 number of words, which:

X complies with the word limit of L.R. 11-6.1.

complies with the word limit set by the court.

Dated: October 29, 2026

*/s/ Megan L. Jones*
RICHARD M. ROLWING
Senior Litigation Counsel
MEGAN L. JONES
Trial Attorney

Certificate of Service

I certify that on the 29th of October, 2026, I caused a copy of the foregoing to be filed through the CM/ECF electronic filing system, thereby providing notice to all parties of record in this case.

*/s/ Megan L. Jones*
Megan L. Jones
Trial Attorney