TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division
RICHARD M. ROLWING (OH Bar No. 0062368)
Senior Litigation Counsel
MEGAN L. JONES (CA Bar No. 348651)
Trial Attorney
National Fraud Enforcement Division, Tax Section
950 Pennsylvania Ave. NW
Washington D.C. 20530
Telephone: (202) 598-5471
E-mail: Richard.m.rolwing@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>GRIGOR TERMENDJIAN,<br><br>Defendant. | No. 2:23-CR-00453-JLS<br><br><u>GOVERNMENT'S MOTION IN LIMINE 3 SEEKING BIFURCATION REGARDING FORFEITURE; MEMORANDUM OF POINTS AND AUTHORITIES</u><br><br>Hearing Date: December 17, 2026<br>Hearing Time: 1:30 p.m.<br>Location: Courtroom of the Hon. Josephine L. Staton |

Plaintiff United States of America, by and through its undersigned counsel, hereby files its Motion in Limine #3 to bifurcate the issue of forfeiture.

Defendant does not object to this request.

This Motion in Limine is based upon the attached memorandum of points and authorities and the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 29, 2026

Respectfully submitted,

COLIN M. MCDONALD
Assistant Attorney General
National Fraud Enforcement Division

*/s/ Megan L. Jones*
RICHARD M. ROLWING
Senior Litigation Counsel
MEGAN L. JONES
Trial Attorney

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

This is a case about Defendant's intentional money laundering and tax crimes involving over $40 million in fraud proceeds that he received and agreed to conceal and disguise for his brother, himself, and their associates.

The evidence will show that Defendant Termendjian concealed and disguised the proceeds in a variety of ways, including commingling, use of cashier's checks, using new bank accounts, making wires to foreign countries, making transfers to nominee accounts, filing false tax returns, buying assets as gifts to others, signing false promissory notes, and disguising the funds by using the proceeds in his other legitimate business operations. The evidence will be relevant to both the guilt and forfeiture phases of the trial.

The United States seeks criminal forfeiture of the following specific property that is both traceable to and involved in the money laundering conspiracy:

a. The real property located at 9153 Stellar Court, Corona, California 92883;

b. The real property located at Assessor's Parcel Number 427-111-08 in Mojave, California;

c. The real property located at Assessor's Parcel Number 427-111-10 in Mojave, California;

d. The real property located at Assessor's Parcel Number 427-111-11 in Mojave, California;

e. The real property located at 14901 Holt Street, Mojave, California, 95301(to the extent that it differs in any way from the parcels listed above);

f. The real property located at 5217 Willowcrest Avenue, Los Angeles, California 91601; and

g. The real property located at 13720 Vanowen Street, Van Nuys, California 91405.

h. Real property located at 16572 Somerset Ln., Huntington Beach, California, 92649;

j. Industrial equipment at the Century Energy plant believed to be at 14901 Holt Street, Mojave, California, or 9153 Stellar Court, Corona, California, including:

i. Solar Turbines and related equipment which were paid for by Century Energy account #9961 $3,900,000 wire transfer on 10/01/19 to HENDRIX HENERGY, believed to be the two Centaur 50 PG Gas Turbines described in the Restraining Order from the United States District Court of Utah;

ii. Compressors and related equipment bought with a $200,000 cashier's check dated 10/04/19, and made payable to Industrial Energy Solutions, Inc., believed to be two Frick Gas Compressors described in the Restraining Order from the United States District Court of Utah;

iii. Industrial Equipment, and/or storage tank and related equipment, which was purchased by the 10/28/19 $216,000 wire to China Zhangjiagang Furuishuzhou, reference invoice #FR-2019-1023A, and February 25, 2020 $60,600 wire to same for "loading skid and pump skid";

iv. Two Rentech Heat Recovery Steam Generator and SCR;

v. One CEMTEK Emission Control;

vi. One Virginia Transformer;

vii. Any asset purchased or traced to the $275,000 transfer on 11/20/19 to Century Energy account #9961 ("welding machines, skid manufacturing, and a 5-ton crane"); and

k. Any and all property that constitutes property involved in money laundering, or property traceable to such property for, among other entities, the following entities:

i. Century Energy; and

ii. Speedy Lion Renewable Fuels.

## II. ARGUMENT

At both the guilt and forfeiture phases of the trial, the government will use the Lowest Intermediate Balance Rule (LIBR) as an accounting method to trace illicit proceeds used in the §§1956 and 1957 money laundering transactions to prove that Defendant's purchase of a carwash, an apartment building, an office building, and land and business equipment for the liquid natural gas plant constitute property traceable to and property involved in the money laundering conspiracy for both purposes of proving his personal culpability in the offense and to establish what is necessary for forfeiture. *See United States v. Haleamau*, 887 F. Supp. 2d 1051 (D. Haw. 2012); *Luis v. United States*, 578 U.S. 5, 22 (2016) (recognizing that "courts use tracing rules in cases involving fraud . . . [to] separate[e] tainted assets from untainted assets").

At the guilt phase of the trial, evidence of the transactions will be introduced in order to prove the money laundering charges. However, the government seeks the bifurcation of the ultimate issue of forfeiture.

The government requests that the court bifurcate the issues of guilt and forfeiture. Rule of Criminal Procedure 32.2(b)(1)(A)

requires that "as soon as practical after a verdict or finding of guilty . . . on any count in an indictment . . . regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute." To achieve this determination, the United States requests that "the jury be retained to determine forfeitability of specific property if it returns a guilty verdict" on any of counts 1-7. See Fed. R. Crim. P. 32.2(b)(5).

If this motion is granted, the government will file proposed special jury instructions and a special verdict form regarding forfeiture one week before the pre-trial conference as required by this Court's scheduling order. ECF No. 200.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court grant the government's motion.

Certificate of Compliance

The undersigned, counsel of record for the government, certifies that this brief contains 1128 number of words, which:

X complies with the word limit of L.R. 11-6.1.

complies with the word limit set by the court.

Dated: October 29, 2026

*/s/ Megan L. Jones*
RICHARD M. ROLWING
Senior Litigation Counsel
MEGAN L. JONES
Trial Attorney

<u>Certificate of Service</u>

I certify that on the 29th of October, 2026, I caused a copy of the foregoing to be filed through the CM/ECF electronic filing system, thereby providing notice to all parties of record in this case.

*<u>/s/ Megan L. Jones</u>*
Megan L. Jones
Trial Attorney