TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division
RICHARD M. ROLWING (OH Bar No. 0062368)
Senior Litigation Counsel
MEGAN L. JONES (CA Bar No. 348651)
Trial Attorney
National Fraud Enforcement Division, Tax Section
950 Pennsylvania Ave. NW
Washington D.C. 20530
Telephone: (202) 598-5471
E-mail: Richard.m.rolwing@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>GRIGOR TERMENDJIAN,<br><br>Defendant. | No. 2:23-CR-00453-JLS<br><br>GOVERNMENT'S MOTION IN LIMINE 4 SEEKING TO EXCLUDE DEFENSE EVIDENCE NOT TIMELY PRODUCED; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Hearing Date: December 17, 2026<br>Hearing Time: 1:30 p.m.<br>Location: Courtroom of the Hon. Josephine L. Staton |

Plaintiff United States of America, by and through its undersigned counsel, hereby files its Motion in Limine #4 to order Defendant to produce reciprocal discovery by January 19, 2027.

Defense agrees to comply with its reciprocal discovery obligations but objected to the government's proposed deadline arguing that it was not supported by the relevant rules or precedent.

This Motion in Limine is based upon the attached memorandum of points and authorities and the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 29, 2026

Respectfully submitted,

COLIN M. MCDONALD
Assistant Attorney General
National Fraud Enforcement Division

*/s/ Megan L. Jones*
RICHARD M. ROLWING
Senior Litigation Counsel
MEGAN L. JONES
Trial Attorney

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As of the date of this motion, the United States has received no discovery from Defendant.

## II. ARGUMENT

### A. Defendant's Disclosures Under Rule 16(b)

A defendant's failure to comply with their reciprocal discovery obligations may result in the exclusion of the undisclosed evidence. See Fed. R. Crim. P. 16(d)(2)(C); *United States v. Urena*, 659 F.3d 903, 908 (9th Cir. 2011) ("The district court also has unquestioned discretionary power to exclude evidence that should have been produced in reciprocal discovery."); *United States v. Scholl*, 166 F.3d 964, 972 (9th Cir. 1999) (affirming exclusion of defense evidence "as a sanction for discovery abuse pursuant to Fed. R. Crim. P. 16"); *United States v. Aceves-Rosales*, 832 F.2d 1155, 1156- 57 (9th Cir. 1987) ("The public defender made a strategic decision to withhold the document until after the close of the government's case. He and his client must accept the risk arising from this behavior."); *United States v. Ellison*, 704 F. App'x 616, 625 (9th Cir. 2017) (unpublished) (explaining the obligation under Rule 16 to produce, upon request, items defendant intends to use in his or her "case-in-chief" is not limited to "the period after which [defendant's] called their first witness at trial, because a defendant may establish his defense by cross-examining the government's witnesses"); *United States v. Diaz*, No 21-50238, 2023 WL 314309, *2 (9th Cir. Jan. 19, 2023) (unpublished) (affirming exclusion of a defense witness and noting district court's observation "that the defense's untimely disclosure of the witness in the middle of the second day of trial

was 'last-minute sandbagging,' 'intent[ional],' and 'unfair.'"). Thus, the government asks that the court order the Defendant to produce discovery at the risk of exclusion.

**B. Witness Statements Under Rule 26.2**

Under Rule 26.2, a defendant is required to produce prior statements of all witnesses, except a statement made by the defendant. Rule 26.2 requires reciprocal production of witness statements, in accordance with the Jencks Act, 18 U.S.C. § 3500 et seq. The timeframe established by Rule 26.2 requires the statement to be provided after the witness has testified. However, to expedite trial proceedings, this Court has ordered the Jencks deadline to be January 19, 2027.

The government requests that the Defense be required to produce any reciprocal non-Jencks discovery material by this deadline as well.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court grant the government's motion.

Certificate of Compliance

The undersigned, counsel of record for the government, certifies that this brief contains 752 number of words, which:

X complies with the word limit of L.R. 11-6.1.

complies with the word limit set by the court.

Dated: October 29, 2026

*/s/ Megan L. Jones*
RICHARD M. ROLWING
Senior Litigation Counsel
MEGAN L. JONES
Trial Attorney

Certificate of Service

I certify that on the 29th of October, 2026, I caused a copy of the foregoing to be filed through the CM/ECF electronic filing system, thereby providing notice to all parties of record in this case.

*/s/ Megan L. Jones*
Megan L. Jones
Trial Attorney