Ariel A. Neuman - State Bar No. 241594
aneuman@birdmarella.com
William E. Johnston - State Bar No. 287707
wjohnston@birdmarella.com
Alexander H. Tran - State Bar No. 338940
atran@birdmarella.com
BIRD, MARELLA, RHOW,
LINCENBERG, DROOKS & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Grigor Termendjian

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

GRIGOR TERMENDJIAN,

Defendant.

CASE NO. 2:23-CR-00453-PA

**DEFENDANT GRIGOR TERMENDJIAN'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE NO. 2 SEEKING TO PRECLUDE THE DEFENDANT FROM INVITING JURY NULLIFICATION**

*[Concurrently filed with Declaration of Ariel A. Neuman]*

Date: December 17, 2026
Time: 1:30 pm
Crtrm.: 8A

Assigned to Hon. Percy Anderson

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE** that Defendant Grigor Termendjian, through his undersigned counsel, submits this opposition to the government's Motion *in Limine* #2 Seeking to Preclude the Defendant from Inviting Jury Nullification (ECF Number 208). This opposition is based on this Notice, the attached Memorandum of Points and Authorities, the records on file in this action, and such other evidence and argument as may be presented to the Court.

DATED: November 12, 2026

Ariel A. Neuman
William E. Johnston
Alexander H. Tran
Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP

By: *_/s/ Ariel A. Neuman_*
Ariel A. Neuman
Attorneys for Defendant Grigor Termendjian

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Although styled as a request to preclude Mr. Termendjian from arguing jury nullification, the government's motion in *limine* #2 would have the Court go much further and impinge on Mr. Termendjian's constitutional right to defend himself. As Mr. Termendjian informed the government in response to its belated meet and confer email, a motion purely to preclude arguments regarding jury nullification was not necessary because the defense intends to ask the jury to follow the law as the Court provides it.[1]

But as detailed below, the government's Motion goes much further and seeks to preclude the defense from questioning the government's investigation or the actions of agents or prosecutors. Questions and arguments about such issues are often the very foundations on which a criminal defense rests, and there is no legal basis to bind the defense's hands in such an unconstitutional manner. Indeed, the government's Motion is worded so broadly that it would preclude ordinary cross-examination and defense argument that have nothing to do with nullification. Accordingly, the Motion should be denied in its entirety as moot, violative of the relevant rules, and an unconstitutional effort to limit Mr. Termendjian's ability to present a defense.

---

[1] The government violated Local Rule 7-3 and Paragraph One of the prior Court's Standing Order by failing to timely meet and confer. *See* C.D. Cal. L.R. 7-3; Order Regarding Criminal Proceedings, Motion Practice ¶ 1 (requiring counsel to confer "[n]o fewer than three days prior to the filing of any criminal motion"). Specifically, slightly before 4:00 p.m. the day before the pretrial motions deadline the government sent a lengthy list of motions it intended to file for the very first time. *See* Declaration of Ariel A. Neuman ¶ 2 & Ex. A. The government's motion should be denied for this reason alone. Moreover, the timing provided no opportunity for a meaningful meet and confer. As to the instant motion, the government described it misleadingly as seeking only "to preclude the defendant from arguing or presenting evidence about jury nullification." *Id.*, Ex. A.

## II. THE MOTION SEEKS TO UNCONSTITUTIONALLY RESTRICT MR. TERMENDJIAN'S DEFENSE

The government's requested restrictions on the statements and questions by defense counsel are so broad that they would unconstitutionally impinge on Mr. Termendjian's ability to present a defense. Specifically, the government would have the Court preclude any questioning or statement in opening or closing regarding the conduct of the government's investigation or the conduct of the prosecutors. *See* Motion at 4-6. If granted, the Motion would preclude standard impeachment and challenges to the reliability of the government's proof, investigative techniques, and credibility. Those defense arguments are not requests for jury nullification, and instead they go directly to whether the government has carried its burden in proving its case beyond a reasonable doubt.

It is well-settled that a jury may consider the thoroughness and reliability of the government's investigation when evaluating whether the government's evidence is credible and sufficient. *See Kyles v. Whitley*, 514 U.S. 419, 445-46 (1995); *United States v. Sager*, 227 F.3d 1138, 1145-46 (9th Cir. 2000) (holding that the district court erred by instructing the jury not to "grade" the government's investigation, because the jury may consider the quality of an investigation in weighing the government's evidence). The jury may also consider the bias, interest, and motives of the government's witnesses, including the benefits cooperating witnesses expect to receive in exchange for their testimony. *See* Ninth Cir. Model Crim. Jury Instr. §§ 3.9 (Credibility of Witnesses), 6.9 (Witnesses Involving Special Circumstances); *Davis v. Alaska*, 415 U.S. 308, 316-18 (1974) (holding that the Confrontation Clause protects a defendant's right to expose facts from which jurors may assess a prosecution witness's possible bias and motive to testify); *United States v. Larson*, 495 F.3d 1094, 1102-07 (9th Cir. 2007) (en banc) (holding that restricting cross-examination concerning a cooperating witness's potential sentence violated the Confrontation Clause because it prevented the jury from adequately assessing the

witness's motive to testify). These principles implicate Mr. Termendjian's constitutional right to meaningfully confront the government's witnesses and present a complete defense. *See Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (recognizing that the Constitution guarantees criminal defendants "a meaningful opportunity to present a complete defense").

Here, the government's Motion extends far beyond improper appeals to jury nullification and would restrict legitimate examination and argument bearing on the credibility and sufficiency of the government's case. As a few examples, the government's investigative decisions and the bases for those decisions, the benefits agents and prosecutors conferred on "cooperating witnesses," the decision to use certain people as "cooperating witnesses," and the decisions, tactics, and actions by the government over the course of its investigation and prosecution of Mr. Termendjian, are all fair subjects for the defense to explore and, as appropriate, argue to the jury.[2] *See, e.g.*, *Sager*, 227 F.3d at 1145-46 (investigative quality); *Davis*, 415 U.S. at 316-18 (witness bias); *Larson*, 495 F.3d at 1102-07 (cooperation benefits).

Moreover, it is impossible to anticipate everything that may emerge at trial, especially given the sorts of individuals the government has chosen to use as cooperators against Mr. Termendjian. The relevance and permissible scope of any cross-examination or argument will depend on the testimony elicited, the evidence admitted, and the issues placed in dispute at trial. At this pretrial stage, it would be entirely inappropriate to hamstring the defense's ability to confront witnesses and argue its case to the jury.[3]

---

[2] By describing these examples, Mr. Termendjian does not intend to limit the evidence and issues counsel may ask or argue about at trial. These examples are simply some of the most obvious areas that any competent defense lawyer would plan to explore during a trial with these facts and circumstances.

[3] To the extent specific questions or arguments stray beyond the bounds the Court

## III. CONCLUSION

For the foregoing reasons, the government's Motion should be denied in its entirety.

DATED: November 12, 2026

Ariel A. Neuman
William E. Johnston
Alexander H. Tran
Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP

By: *_/s/ Ariel A. Neuman_*
Ariel A. Neuman
Attorneys for Defendant Grigor Termendjian

---

deems appropriate, they can be addressed as they arise.

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Grigor Termendjian, certifies that this brief contains 1798 words, which complies with the word limit of L.R. 11-6.1.

DATED: November 12, 2026

*/s/ Ariel A. Neuman*

Ariel A. Neuman