Ariel A. Neuman - State Bar No. 241594
aneuman@birdmarella.com
William E. Johnston - State Bar No. 287707
wjohnston@birdmarella.com
Alexander H. Tran - State Bar No. 338940
atran@birdmarella.com
BIRD, MARELLA, RHOW,
LINCENBERG, DROOKS & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Grigor Termendjian

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

GRIGOR TERMENDJIAN,

Defendant.

CASE NO. 2:23-CR-00453-PA

**DEFENDANT GRIGOR TERMENDJIAN'S OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE NO. 1 TO EXCLUDE WITNESSES FROM THE COURTROOM**

Date: December 17, 2026
Time: 1:30 pm
Crtrm.: 9A

Assigned to Hon. Percy Anderson

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE** that Defendant Grigor Termendjian, through his undersigned counsel, hereby opposes the government's Motion *in Limine* #1 Seeking to Exclude All Witnesses from the Courtroom Except Case Agents, Expert, and Summary Witnesses (ECF No. 207). This opposition is based on this Notice, the attached Memorandum of Points and Authorities, the records on file in this action, and such other evidence and argument as may be presented to the Court.

DATED: November 12, 2026

Ariel A. Neuman
William E. Johnston
Alexander H. Tran
Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP

By: */s/ Ariel A. Neuman*
Ariel A. Neuman
Attorneys for Defendant Grigor Termendjian

**MEMORANDUM OF POINTS AND AUTHORITIES**[1]

Mr. Termendjian agrees that the government's case agents and the parties' expert witnesses may be permitted to remain in the courtroom through the duration of the trial. *See* Fed. R. Evid. 615(a)(2)-(3).

Mr. Termendjian has objected to the use of a "summary witness" (*see* ECF No. 213) and maintains his objection to the use of "summary witnesses." For purposes of this Motion, however, the government represents that the "summary" witnesses will be "one or both" of the case agents. *See* Motion at 2. In the event the government changes its plans and later seeks to have a different "summary witness" remain in the courtroom, Mr. Termendjian objects. The government has failed to make a "fair showing" that the witness is "in fact required for the management of the case." *United States v. Seschillie*, 310 F.3d 1208, 1213 (9th Cir. 2002). No entire category of witness is automatically exempt from sequestration under Rule 615(a)(3). *Id.*

Nor does the government's reliance on *United States v. Fujinaga*, No. 19-10222, 2022 WL 671018, at *2 (9th Cir. 2022) establish otherwise. That case does not support the broad proposition that a government summary witness is categorically permitted to remain in the courtroom throughout trial. Instead, in *Fujinaga*, the district court specifically found that the particular witness at issue was essential under Rule 615(a)(3) because the witness had spent approximately 1,800

---

[1] The government violated Local Rule 7-3 and Paragraph One of the prior Court's Standing Order by failing to timely meet and confer. *See* C.D. Cal. L.R. 7-3; Order Regarding Criminal Proceedings, Motion Practice ¶ 1 (requiring counsel to confer "[n]o fewer than three days prior to the filing of any criminal motion"). Specifically, slightly before 4:00 p.m. the day before the pretrial motions deadline the government sent a lengthy list of motions it intended to file for the very first time. *See* ECF No. 227, Declaration of Ariel A. Neuman in Support of Opposition to Motion *in Limine* #2 ¶ 2 & Ex. A. The government's motion should be denied for this reason alone. Moreover, the timing provided no opportunity for a meaningful meet and confer.

hours analyzing financial records and was needed to help the prosecution understand the significance of new testimony at trial. *Id.* at *2.

Here, the government has not made any comparable showing that a separate summary witness is "essential" within the meaning of Rule 615(a)(3). The government identifies the subjects on which Special Agent Washburn intends to testify, but does not explain why his presence during the testimony of other witnesses is necessary for him to provide that testimony. Indeed, the government merely asserts, without explanation, that his presence "is essential to the government's case." Motion at 6-7. Accordingly, to the extent Special Agent Washburn is not the government's designated representative under Rule 615(a)(2), he, as well as any other "summary" witness the government later identifies, should be excluded unless the government first satisfies its burden under Rule 615(a)(3) of showing that the witness's presence at trial is essential.

DATED: November 12, 2026

Ariel A. Neuman
William E. Johnston
Alexander H. Tran
Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP

By: */s/ Ariel A. Neuman*
Ariel A. Neuman
Attorneys for Defendant Grigor Termendjian

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Grigor Termendjian, certifies that this brief contains 499 words, which complies with the word limit of L.R. 11-6.1.

DATED: November 12, 2026

*/s/ Ariel A. Neuman*

Ariel A. Neuman