Ariel A. Neuman - State Bar No. 241594
aneuman@birdmarella.com
William E. Johnston - State Bar No. 287707
wjohnston@birdmarella.com
Alexander H. Tran - State Bar No. 338940
atran@birdmarella.com
BIRD, MARELLA, RHOW,
LINCENBERG, DROOKS & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Grigor Termendjian

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

GRIGOR TERMENDJIAN,

Defendant.

CASE NO. 2:23-CR-00453-PA

**DEFENDANT GRIGOR TERMENDJIAN'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE NO. 4 SEEKING TO EXCLUDE DEFENSE EVIDENCE NOT TIMELY PRODUCED**

Date: December 17, 2026
Time: 1:30 pm
Crtrm.: 9A

Assigned to Hon. Percy Anderson

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE** that Defendant Grigor Termendjian, through his undersigned counsel, hereby opposes the government's Motion *in Limine* #4 Seeking to Exclude Defense Evidence Not Timely Produced (ECF No. 210). This opposition is based on this Notice, the attached Memorandum of Points and Authorities, the records on file in this action, and such other evidence and argument as may be presented to the Court.

DATED: November 12, 2026

Ariel A. Neuman
William E. Johnston
Alexander H. Tran
Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP

By: */s/ Ariel A. Neuman*
Ariel A. Neuman
Attorneys for Defendant Grigor Termendjian

**MEMORANDUM OF POINTS AND AUTHORITIES**[1]

Mr. Termendjian does not oppose a reasonable deadline for producing materials subject to Rule 16(b), but January 19, 2027 is not an appropriate date given the case schedule established by the Court.[2] January 19 is the day that the government will produce AEO and Jencks Act materials that it has not previously produced. *See* ECF No. 200 (setting dates).

There is no basis to impose the same deadline on Mr. Termendjian for reciprocal discovery. First, the government never sought to impose that date when the parties filed their stipulation regarding the pretrial schedule (ECF No. 199), and as noted herein, did not properly meet and confer with the defense. Second and more critically, on that date, the government will produce statements of witnesses it has selected for its case-in-chief. Mr. Termendjian's Rule 16(b) obligations extend only to specified materials within his possession, custody, or control that he intends to use in his case-in-chief at trial, *see* Fed. R. Crim. Proc. 16(b)(1)(A)-(B), and his decision about those materials necessarily depends on, and can only be made after,

---

[1] The government violated Local Rule 7-3 and Paragraph One of the prior Court's Standing Order by failing to timely meet and confer. *See* C.D. Cal. L.R. 7-3; Order Regarding Criminal Proceedings, Motion Practice ¶ 1 (requiring counsel to confer "[n]o fewer than three days prior to the filing of any criminal motion"). Specifically, slightly before 4:00 p.m. the day before the pretrial motions deadline the government sent a lengthy list of motions it intended to file for the very first time. *See* ECF No. 227, Declaration of Ariel A. Neuman in Support of Opposition to Motion *in Limine* #2 ¶ 2 & Ex. A. The government's motion should be denied for this reason alone. Moreover, the timing provided no opportunity for a meaningful meet and confer.

[2] Although the government's request appears under the heading "Witness Statements Under Rule 26.2," the substance of its Motion only addresses "reciprocal non-Jencks discovery material." *See* Motion at 4. Mr. Termendjian therefore only addresses Rule 16(b) material in this Opposition, and understands and agrees that any deadline the Court sets does not apply to defense witness statements, which Rule 26.2 requires to be produced only after the witness testifies. *See* Fed. R. Crim. Proc. 26.2(a).

the government's discovery production is complete.

Accordingly, Mr. Termendjian respectfully submits that a more reasonable deadline for disclosure of his Rule 16(b) material is **February 9, 2027**, one week before trial. February 9 would afford defense counsel sufficient time to review the government's AEO and Jencks Act production before making any disclosures required by Rule 16(b), while providing the government with adequate notice before trial, especially given that the lead prosecutor has indicated that the government's case-in-chief is now estimated to take approximately two weeks.

DATED: November 12, 2026

Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP

By: *_/s/ Ariel A. Neuman_*
Ariel A. Neuman
Attorneys for Defendant Grigor Termendjian

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Grigor Termendjian, certifies that this brief contains 535 words, which complies with the word limit of L.R. 11-6.1.

DATED: November 12, 2026

*/s/ Ariel A. Neuman*

Ariel A. Neuman