TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division
RICHARD M. ROLWING (OH Bar No. 0062368)
Senior Litigation Counsel
MEGAN L. JONES (CA Bar No. 348651)
Trial Attorney
National Fraud Enforcement Division, Tax Section
950 Pennsylvania Ave. NW
Washington D.C. 20530
Telephone: (202) 598-5471
E-mail: Richard.m.rolwing@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>GRIGOR TERMENDJIAN,<br><br>Defendant. | No. 2:23-CR-00453-PA<br><br><u>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* SEEKING TO PRECLUDE SUMMARY TESTIMONY; MEMORANDUM OF POINTS AND AUTHORITIES</u><br><br>Hearing Date: December 17, 2026<br>Hearing Time: 1:30 p.m.<br>Location: Courtroom of the Hon. Percy Anderson |

Plaintiff United States of America, by and through its undersigned counsel, hereby opposes defendant GRIGOR TERMENDJIAN'S Motion *in Limine* to preclude summary testimony. (Dkt. No. 213).

This Opposition is based upon the attached memorandum of points and authorities and the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: November 12, 2026

Respectfully submitted,

COLIN M. MCDONALD
Assistant Attorney General
National Fraud Enforcement Division

*<u>/s/ Megan L. Jones</u>*
RICHARD M. ROLWING
Senior Litigation Counsel
MEGAN L. JONES
Trial Attorney

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Defendant's criminal conduct and the fraud that underlies it spans a period of over ten years. The charged crimes involve numerous bank records, tax returns, loan documents, contracts, transfers, cashier's checks, and other voluminous records. The complexity caused by the Defendant's movement of funds means that the evidence at trial will be complicated, too. Thus, to allow the jury to understand the facts, some summary testimony will be necessary.

The Defendant objects to the potential testimony of two of the Government's witnesses: IRS Criminal Investigations Special Agent Stephen Washburn, the case agent, and IRS Criminal Investigations Special Agent James Carfora, an expert witness. Much of these objections are premature, because Defendant has not yet seen the exhibits or testimony that he objects to.[1] To the extent that the Defendant seeks to preclude inadmissible hearsay, speculation, vouching, or narrative, the Government has no intent to offer such evidence. The Government does intend to offer summary testimony through Special Agent Stephen Washburn. Special Agent Washburn's summary testimony will comply with Federal Rules of Evidence 1006, 107, and 801. Special Agent Carfora's opinions about the potential effect of certain transactions will be based upon and rely upon summary tracing exhibits which he is expected to adopt and introduce.

---

[1] The Government's charts and summaries are due on January 12, 2027. These summaries may be updated closer in time to trial. (Dkt. No. 200).

## II. ARGUMENT

### A. Special Agent Washburn's proffered summary testimony is admissible.

Special Agent Washburn's testimony will be based either on his personal knowledge or otherwise admissible evidence. As for the former category, Special Agent Washburn has been a case agent on this investigation and its related investigations in the District of Utah and elsewhere for nearly ten years. Because he has been personally investigating the case for that period of time, he may testify to events that he has personal knowledge of that occurred while the Government was investigating and prosecuting Defendant and his co-conspirators. This testimony will not involve Special Agent Washburn's "conclusions about the investigation as a whole" or "interpretations" as Defendant fears. It will be limited to the linear occurrence of events.

In addition, Special Agent Washburn will discuss, and sometimes summarize, otherwise admissible evidence. In aid of his summaries, Special Agent Washburn may use illustrative aids. "The court may allow a party to present an illustrative aid to help the trier of fact understand the evidence or argument if the aid's utility in assisting comprehension is not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time." Fed. R. Evid. 107(a). The intended testimony is helpful and necessary for the jury's understanding of the complicated evidence at hand which occurred over several years of charged conspiracies.

In particular, the government anticipates that Special Agent Washburn will introduce and testify about timelines summarizing

relevant events that have occurred near in time to the conduct or acts of the Defendant and his alleged co-conspirators.

Special Agent Washburn also conducted much of the tracing and created charts summarizing the flow of funds which Special Agent Carfora is expected to adopt and rely upon to provide his opinion about whether certain transactions could have the effect of disguising or concealing the source, location, ownership, or control of the proceeds of criminal activity. These summary charts may show two flows of funds: one using strict tracing to prove certain transactions could be violations of 18 U.S.C. § 1957; and one using a so-called property involved in money laundering tracing based on assumptions that certain transactions, if done to disguise or conceal, rendered the funds in the accounts property involved in money laundering.

Special Agent Washburn may also summarize the travel records received from the airlines which show when Defendant Termendjian travelled to and was in attendance at the trial proceedings in Salt Lake City, Utah, and he will connect those to his personal knowledge of what trial proceedings occurred on those dates, as well as which witnesses testified on those dates. The airline records will be independently admissible under Federal Rules of Evidence 902(11) and 803(6). Special Agent Washburn may also summarize the dates and amounts involved in financial transactions from bank records underlying the transactions charged in the Superseding Indictment. These records are also admissible without witness testimony under Federal Rules of Evidence 803(6) and 902(11). All bank and travel records that the government is relying on have been disclosed to

defense counsel. These records comprise thousands of pages of dates and transactions.

In addition, Agent Washburn may summarize the entries on the tax returns of both Lev Dermen and Grigor Termendjian so that Revenue Agent Marino can opine on whether the returns are consistent or inconsistent with other evidence presented.

It is the summaries that the government submits will be most helpful to the jury both in the courtroom and during their deliberations. Any summary or illustrative aid isolating the transactions relevant to the charges will assist the comprehension of the jurors. The same is true of a summary or an illustrative aid demonstrating the timing of events relating to the Defendant and his knowledge of and attendance at the prosecution of his brother and his co-conspirators in the District of Utah.

The Defendant argues that Special Agent Washburn cannot testify to “key” events because to do so would be impermissible advocacy. The government’s motion used the word “key” simply to mean “relevant.” Providing facts such as the dates and description of relevant events is not advocacy.

This case spans over ten years of events and transactions. Special Agent Washburn will not describe what has transpired every day that has passed since 2012. As in any direct examination of any witness, he will only testify to events that are probative to the charges at issue. To the extent the Defendant believes that the pared down version of events is lacking, he may remedy that through cross-examination.

**C. Special Agent Carfora will not testify as a dual-role witness.**

As noted above, Special Agent Carfora is expected to adopt and rely upon the flow of funds summaries largely prepared by Special Agent Washburn and provide his opinion about those transactions that could have disguising or concealing effect (and of course let the jury decide if the defendant intended that or some other effect). Because his opinion about transactions involving proceeds necessarily is based upon and relies upon the summary of the flow of funds related to those proceeds, the Defendant characterizes it as dual-purpose. As Defendant admits in his motion, however, dual-role testimony is permissible in the Ninth Circuit. *United States v. Vera*, 770 F.3d 1232, 1242 (9th Cir. 2014). This is because, among other things, "[t]estimony of this kind may save time and expense[.]" *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007). However, the concerns raised are misplaced, because Special Agent Carfora's testimony will be expert testimony. In *United States v. Visconti*, the Ninth Circuit wrote,

> Here, the agent did not testify as a lay witness. Instead, she testified regarding her financial analysis of Visconti's records and the summary exhibits she prepared for the jury. Therefore, a dual-purpose instruction was not required because her testimony was "based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

750 F. App'x 543, 547 (9th Cir. 2018) (quoting Fed. R. Evid. 701). Here, too, Special Agent Carfora's summary exhibits will be based on his specialized knowledge. The summary flow of funds exhibits will be created using money laundering tracing rules that Special Agent Carfora had applied to the transactions. The exhibits therefore do not warrant a dual-role instruction.

**III. CONCLUSION**

For the foregoing reasons, the Government respectfully requests that this Court deny the Defendant’s motion.

Certificate of Compliance

The undersigned, counsel of record for the government, certifies that this brief contains 1584 number of words, which:

X complies with the word limit of L.R. 11-6.1.

complies with the word limit set by the court.

Dated: November 12, 2026

*/s/ Megan L. Jones*
RICHARD M. ROLWING
Senior Litigation Counsel
MEGAN L. JONES
Trial Attorney

Certificate of Service

I certify that on the 12th of November, 2026, I caused a copy of the foregoing to be filed through the CM/ECF electronic filing system, thereby providing notice to all parties of record in this case.

*/s/ Megan L. Jones*
Megan L. Jones
Trial Attorney