TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division

RICHARD M. ROLWING (OH Bar No. 0062368)
Senior Litigation Counsel
MEGAN L. JONES (CA Bar No. 348651)
Trial Attorney
National Fraud Enforcement Division, Tax Section
950 Pennsylvania Ave. NW
Washington D.C. 20530
Telephone: (202) 598-5471
E-mail: Richard.m.rolwing@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff

v.

GRIGOR TERMENDJIAN,

Defendant.

No. 2:23-CR-00453-PA

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TRANSACTION-SPECIFIC AND STATE-OF-MIND EXPERT OPINION TESTIMONY

Hearing Date: December 17, 2026
Hearing Time: 1:30 p.m.
Location: Courtroom of the Hon. Percy Anderson

The United States of America, by and through its undersigned counsel, hereby opposes Defendant's Motion *In Limine* to Exclude Transaction-Specific and State-of-Mind Expert Opinion Testimony. (Dkt. No. 212).

This Opposition is based upon the attached memorandum of points and authorities and the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: November 12, 2026

Respectfully submitted,

COLIN M. MCDONALD
Assistant Attorney General
National Fraud Enforcement Division

/s/ *Megan L. Jones*
RICHARD M. ROLWING
Senior Litigation Counsel
MEGAN L. JONES
Trial Attorney

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant's motion relies on a mischaracterization of the testimony the Government seeks to offer. The Government clearly informed the defense that Special Agent Carfora will not opine on the mental state of the defendant but "will leave the decision as to whether [his] acts were intended by [the defendant] to conceal and disguise the proceeds up to the jury." Instead, the Government has explained, and Special Agent Carfora has so communicated, that he will provide an opinion about whether certain conduct or characteristics surrounding various financial or monetary transactions he is asked about "could have the effect of concealing or disguising the proceeds of criminal activity."

While Defendant Termendjian properly describes Federal Rule of Evidence 702, the request in his Motion seeks to ignore that Rule nearly entirely. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
> a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Defendant's Motion seeks to limit any money laundering expert's testimony to merely providing the jury with broad and general non-

transaction specific principles, and to prevent the expert from providing an opinion based on "a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702. The court should deny Defendant's motion and permit Special Agent Carfora to testify to an expert opinion as Rule 702 allows him to do.

## II. ARGUMENT

### A. Defendant's misplaced argument for limiting Special Agent Carfora's testimony goes too far.

Defendant spends a great deal of time arguing that Agent Carfora should not be permitted to opine on the state of mind of the Defendant, that is, testify that, in his opinion, the Defendant intended to disguise or conceal in engaging in or conducting a financial transaction. Of course, the government agrees and has so stated. But Defendant then incorrectly argues that Special Agent Carfora should be prevented from expressing any opinion at all on any specific transaction, which is why he is being called in the first place.

Special Agent Carfora's proffered opinion about whether certain transactions undertaken by Defendant could have the effect of concealing or disguising the proceeds of criminal activity is permissible. "[A] a witness may permissibly testify that the *effect* of a transaction is to conceal[.]" *United States v. Warshak*, 631 F.3d 266, 324 (6th Cir. 2010) (emphasis in original). *See also United States v. Willey*, 57 F.3d 1374, 1389 n. 29 (5th Cir. 1995) ("[The expert's] testimony did not violate the limitation of Rule 704(b). Her testimony was that the transactions "concealed" the source of the funds, not that they were "designed to conceal," which is the ultimate issue in this case.") *Warshak* rightly distinguishes

testimony about the "design" of a transaction, which implicates intent, from the "effect" of a transaction. Warshak, 631 F.3d at 324. The Government does not intend to offer evidence "opining on the ultimate issue of a criminal defendant's mens rea," which would be forbidden under Federal Rule of Evidence 704(b). *United States v. Moody*, 787 F. App'x 857, 864 (6th Cir. 2019). Instead, it is offering testimony on the "practices of criminals," which is a permissible means of proving intent to disguise or conceal. *United States v. Garcia-Emanuel*, 14 F.3d 1469, 1475-76 (10th Cir. 1994).

The cases cited by Defendant preclude testimony that invades the province of the court and defines what legally constitutes money laundering. *United States v. Wheat*, No. 1:17-CR-0229-AT, 2025 WL 2630925, at *15 (N.D. Ga. Sept. 12, 2025); *United States v. Savani*, No. CR 23-16, 2026 WL 74610, at *3 (E.D. Pa. Jan. 9, 2026). At no point will the Government's expert opine that Defendant has committed money laundering.

**B. Special Agent Carfora's opinions about the transactions involving proceeds of criminal activity necessarily require him to identify those proceeds.**

Defendant Termenjian remarkably argues that Special Agent Carfora should not be permitted to even testify that any funds are proceeds of unlawful activity. This is surprising, because the fact that the funds are proceeds of unlawful activity is not expected to be contested. The government will establish through irrefutable witness participant testimony that the 19 false claims for refund filed by Washakie between 2013 and 2016 generated, and resulted in Washakie receiving, over $470 million in fraud proceeds. Both through fact witnesses as well as through Special Agent Carfora, those

proceeds will be followed to and then through bank accounts so that the jury can follow the flow of these fraud proceeds from the IRS to Washakie to accounts both overseas and in California.

Defendant's reliance on the *Reulet* district court case from the District of Kansas is simply misguided. Unlike in *Reulet*, in this case it is not expected to be disputed that a criminal offense was committed when the proceeds were first stolen from the IRS. *United States v. Reulet*, No. 14-40005-DDC, 2015 WL 7776876, at *7 (D. Kan. Dec. 2, 2015). That fact will be established by those involved in that criminal offense, an offense that Defendant is not charged with in this case. Rather, as it relates to the money laundering charges, the jury will be asked to determine three issues (subsequent to the generation of these fraud proceeds):

(1) if Defendant Termendjian knew the funds he received from overseas and directly and indirectly from Washakie were proceeds of some form of criminal activity;

(2) whether he conspired with another to engage in financial or monetary transactions:

  (a) involving those proceeds in excess of $10,000; or

  (b) knowing that the transaction was designed to disguise or conceal the nature, source, location, ownership, or control of those proceeds.

(3) Whether he did engage in financial transactions involving proceeds which he knew were designed to disguise or conceal these attributes of those proceeds.

Special Agent Carfora will be called to testify about not only the general principles of money laundering, but also will be asked to apply those principles to the many specific transactions at issue in

this nearly decade long saga. The government submits that it will be helpful to the jury to learn whether certain facts or acts that the expert has identified in a variety of transactions could have the effect of disguising or concealing so that the jury can decide whether the defendant knew the transactions were designed to have these effects when and if he engaged in those transactions.

**C. Special Agent Carfora's testimony is not substantially more prejudicial than it is probative.**

Defendant argues that discussion of the effect of concealment is a "tangential" issue that may lead the jury "down the garden path." However, as explained above, expert testimony about the "practices of criminals" is relevant evidence of "intent to disguise or conceal." *Garcia-Emanuel*, 14 F.3d at 1475-76 (10th Cir. 1994); *see also United States v. Marshall*, 248 F.3d 525, 539 (6th Cir. 2001). Discussion of the effect of a transaction is not a distracting sideshow. It bears directly on the issue of intent that the jury must decide. Thus, the testimony has a probative value that is not substantially outweighed by any of the concerns contained in Federal Rule of Evidence 403.[1]

**D. Special Agent Carfora has the expertise to provide non-cumulative opinion testimony regarding Defendant's false tax returns.**

Special Agent Carfora has the expertise to opine that false tax returns can have the effect of concealing transactions. Special Agent Carfora has been employed by IRS Criminal Investigations for eighteen years. As part of his work there, he has participated in

[1] Defendant does not state which category of evidence in Rule 403 of which Special Agent Carfora's testimony allegedly poses a danger.

investigations of tax crimes. On top of his lengthy experience conducting tax investigations, Special Agent Carfora is a certified expert in money laundering who has spent the bulk of his career investigating money laundering offenses. The proffered testimony is at the intersection of Special Agent Carfora's expertise.

The opinions offered by Special Agent Carfora and Revenue Agent Marino are distinct. While Revenue Agent Marino can explain the purpose of tax forms and describe the entries on Defendant's tax returns, he does not have the expertise to explain how those false entries might relate to allegations or evidence of money laundering. This is where Special Agent Carfora's testimony "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). One of the acts that Agent Carfora will be asked to opine about is whether depositing proceeds in a corporate bank account and then filing a corporate tax return that fails to report any cash asset is an act which could have the effect of disguising or concealing the location, ownership, or control of proceeds of crime. Such testimony is not outside his expertise, as it is one of the facts that expert agents examine when trying to determine whether a transaction could be a disguise/conceal transaction.

**III. CONCLUSION**

The government submits that the limited opinion testimony of Agent Carfora regarding the facts and acts in the specific transactions at issue in this case are proper under Rule 702.

Respectfully submitted this 12th of November, 2026.

Certificate of Compliance

The undersigned, counsel of record for the government, certifies that this brief contains 1898 number of words, which:

X complies with the word limit of L.R. 11-6.1.

complies with the word limit set by the court.

Dated: November 12, 2026

*/s/ Megan L. Jones*
RICHARD M. ROLWING
Senior Litigation Counsel
MEGAN L. JONES
Trial Attorney

Certificate of Service

I certify that on the 12th of November, 2026, I caused a copy of the foregoing to be filed through the CM/ECF electronic filing system, thereby providing notice to all parties of record in this case.

*/s/ Megan L. Jones*
Megan L. Jones
Trial Attorney